UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

CHAMBERS OF
THE HONORABLE GINA L. SIMMS
UNITED STATES MAGISTRATE JUDGE

6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770



February 13, 2023

LETTER TO COUNSEL

RE: *Katrina W. v. Kijakazi, Acting Commissioner of Social Security*
Civ. No. GLS-22-353

Dear Counsel:

Pending before this Court are cross-motions for summary judgment, filed by Plaintiff Katrina W., and the Social Security Administration. (ECF Nos. 13, 14). The Plaintiff also filed a reply brief. (ECF No. 15). Upon review of the pleadings and the record, the Court finds that no hearing is necessary. *See* Local Rule 105.6. (D. Md. 2021).

The Court must uphold the decision of the Social Security Administration ("SSA" or "the Agency") if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). The substantial evidence rule "consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Craig*, 76 F.3d at 589. This Court shall not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for that of the SSA. *Id.* For the reasons set forth below, I will deny the motions, reverse the Commissioner's decision in part, and remand the case back to the SSA for further consideration.

I.   **BACKGROUND**

Plaintiff filed both a Title II application for a Period of Disability and Disability Insurance Benefits and a Title XVI application for Supplemental Security Income on June 28, 2016. In both applications, the Plaintiff alleges that disability began on May 17, 2016. (Tr. 965). These claims were initially denied on November 21, 2016, and upon reconsideration, denied again on April 10, 2017. (*Id.*). On March 22, 2019, an Administrative Law Judge ("ALJ") found that Plaintiff was not disabled under section 223(d) of the Social Security Act. (*Id.*); *see also* 20 C.F.R. § 422.210(a). Plaintiff then filed an action for judicial review on July 18, 2019. (*Id.*). On November 3, 2020, this Court remanded this case for further proceedings in accordance with section 205(g) of the Social Security Act. (Tr. 965). On remand, the ALJ in the instant case held a second hearing. (Tr. 1014). Thereafter, the ALJ found Plaintiff not disabled. (Tr. 962-96).

*Katrina W. v. Kijakazi, Acting Commissioner of Social Security*
Civ. No. GLS-22-353
February 13, 2023
Page 2

## II.    ANALYSIS PERFORMED BY THE ADMINISTRATIVE LAW JUDGE

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). An individual is deemed to have a disability if his/her "physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work . . . which exists in significant numbers in the region where such individual lives or in several regions of the country." 42 U.S.C. § 423(d)(2)(A).

To determine whether a person has a disability, the ALJ engages in the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520(a); 416.920(a). *See e.g., Barnhart v. Thomas*, 540 U.S. 20, 24-25 (2003); *Mascio v. Colvin*, 780 F.3d 632, 634-35 (4th Cir. 2015). The steps used by the ALJ are as follows: step one, assess whether a claimant has engaged in substantial gainful activity since the alleged disability onset date; step two, determine whether a claimant's impairments meet the severity and durations requirements found in the regulations; step three, ascertain whether a claimant's medical impairment meets or equals an impairment listed in the regulations ("the Listings"). If the first three steps are not conclusive, i.e., a claimant's impairment is severe but does not meet one or more of the Listings, the ALJ proceeds to step four. At step four, the ALJ assesses the claimant's residual functional capacity ("RFC"). A claimant's RFC is the most that a claimant could do despite her/his limitations, through consideration of claimant's "'medically determinable impairments of which [the ALJ is] aware,' including those not labeled severe at step two." *Mascio*, 780 F.3d at 635 (quoting 20 C.F.R. § 416.945(a)). Also at step four, the ALJ analyzes whether a claimant could perform past work, given the limitations caused by her/his impairments. Finally, at step five, the ALJ analyzes whether a claimant could perform jobs other than what the claimant performed in the past, and whether such jobs exist in significant numbers in the national economy. *See* 20 C.F.R. §§ 404.1520(a)(4)(i) - 404.1520(a)(4)(v).

At steps one through four, it is the claimant's burden to show that she is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); *Monroe v. Colvin*, 826 F.3d 176, 179-80 (4th Cir. 2016). If the ALJ's evaluation moves to step five, the burden then shifts to the SSA to prove that a claimant has the ability to perform work and, therefore, is not disabled. *Hunter v. Sullivan*, 993 F.3d 31, 35 (4th Cir. 1992).

Here, the ALJ evaluated Plaintiff's claim by following the sequential evaluation process outlined above. (Tr. 968-984). At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since May 17, 2016, the alleged onset of Plaintiff's disability. (Tr. 968). At step two, the ALJ found that Plaintiff suffered from the following severe impairments: cervical degenerative disc disease status post laminectomy; obesity; and chronic pain syndrome. (*Id.*). The ALJ found these impairments were severe because these impairments significantly limit the Plaintiff's ability to perform basic work activities as required by Social Security Ruling ("SSR") 85-28. (*Id.*). The ALJ also held that the Plaintiff suffered from fibromyalgia; iron deficiency anemia; GERD with esophagitis; vitamin D deficiency; left shoulder arthritis; sinus infections;

high cholesterol; hypertension; bilateral Achilles enthesopathy; migraines; right hand/wrist degenerative arthritis; and lumbar degenerative disc disease, all of which the ALJ found to be non-severe. (Tr. 969). However, at step three the ALJ also determined that none of Plaintiff's impairments or combination of impairments met or medically equaled one or more of the Listings. (Tr. 970-71). The ALJ next assessed the claimant's RFC. Despite Plaintiff's severe impairments, the ALJ determined that Plaintiff had the RFC to:

> perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except: She can never climb ladders, ropes, or scaffolds. She can occasionally climb ramps and stairs. She can frequently balance. She can occasionally stoop, kneel, crouch, and crawl.

(Tr. 972). At step four, the ALJ found that Plaintiff is not capable of performing past relevant work. (Tr. 983). Before making a finding regarding step five, the ALJ conducted a hearing. At that hearing, a vocational expert ("VE") testified, relying on the Dictionary of Occupational Titles ("DOT"), about whether jobs exist in the national economy for an individual with the Plaintiff's age, education, work experience, and residual functional capacity. (*Id.*). The VE testified that a hypothetical individual with the Plaintiff's RFC would be able to perform sedentary work as an addressing clerk, document preparer, and a sorter/button reclaimer. (Tr. 984). At step five, the ALJ ultimately determined that Plaintiff was not disabled, and that the claimant is capable of handling work that exists in significant numbers in the national economy. (Tr. 985).

## III.   DISCUSSION

In requesting summary judgment, Plaintiff contends that the ALJ impermissibly relied on objective medical evidence when assessing the credibility of the Plaintiff's subjective complaints of pain and its intensity. (ECF No. 13, "Plaintiff's Motion," pp. 10-22). In response, the SSA contends that the ALJ's use of objective medical evidence was appropriate and the ALJ used the "objective evidence only to substantiate Plaintiff's impairment or to justify further limitations, which [the case law] clearly allows." (Defendant's Motion, pp. 4-6).

I have carefully reviewed the arguments and the record. I find persuasive Plaintiff's argument that the ALJ improperly assessed her subjective complaints by effectively requiring her to provide objective evidence to support them. Accordingly, I find that remand is appropriate, for the reasons set forth below.

When evaluating whether a claimant is disabled, an ALJ must engage in a two-step analysis of a claimant's subjective statements "about [her] impairments and symptoms." *Lewis v. Berryhill*, 858 F.3d 858, 866 (4th Cir. 2017); *see also* 20 C.F.R. §§ 404.1529(b)-(c), 416.929(b)-(c). At step one, the ALJ considers whether objective medical evidence exists of a condition that could reasonably be expected to produce the claimant's "alleged symptoms." 20 C.F.R. §§ 404.1529(b)-(c), 416.929(b)-(c). Next, assuming that the claimant satisfies this initial requirement of showing a medically determinable impairment, the ALJ proceeds to step two. At step two, the ALJ must evaluate the intensity and persistence of the claimant's symptoms to determine the extent to which

they limit the claimant's ability to work. 20 C.F.R. §§ 404.1529(c), 416.929(c). In evaluating the intensity, persistence, and limiting effects of an individual's symptoms, the ALJ is to consider "all of the evidence presented," including a claimant's: (a) prior work history; (b) statements about her symptoms; (c) evidence from medical sources; (d) activities of daily living; (e) medication; and (f) treatment to relieve symptoms. At this second step, the ALJ assesses the credibility of a claimant's statements about her symptoms and whether they affect her ability to perform her work duties. *Lewis*, 858 F.3d at 865-66. The regulations provide that an ALJ should consider "whether there are any inconsistencies in the evidence and the extent to which there are any conflicts between [a claimant's statements about her symptoms] and the rest of the evidence." The idea is to determine whether a claimant's statements "can reasonably be accepted." 20 C.F.R. §§ 404.1529(c)(4), 416.929(c)(4); *see also Craig*, 76 F.3d at 595.

In performing this two-step analysis, an ALJ must keep in mind the medical condition at issue. If it is like fibromyalgia, then objective evidence may not exist to support a claimant's symptoms. In such a circumstance, the Fourth Circuit has made clear that it is improper for an ALJ to rely upon objective medical evidence to discount a claimant's subjective complaints about her symptoms. *Arakas v. Comm'r, Soc. Sec. Admin*, 983 F.3d 83, 96-97 (4th Cir. 2020). If a claimant suffers from a disease or condition for which there is objective medical evidence that supports or refutes its existence, like degenerative joint disease or disc disease, then an ALJ may consider that evidence in combination with other evidence in the record. *Patricia P. v. Kijakazi*, Civ. No. TJS-21-565, 2022 WL 683088, at *3 (D. Md. Mar. 8, 2022); *James A. v. Kijakazi*, Civ. No. JMC-20-1992, 2021 WL 4975178, at *3 (D. Md. Oct. 26, 2021); *see also* 20 C.F.R. § 416.929(c)(4). However, when assessing fibromyalgia, for which the symptoms are entirely subjective, a claimant is entitled to rely exclusively on subjective evidence. *See Lisa C. v. Saul*, Civil No. GLS-20-01179, 2021 WL 3040019, at *3 (D. Md. July 16, 2021). The Fourth Circuit has clarified that an ALJ applies the incorrect legal standard when she discredits subjective complaints with objective medical evidence, "even when [she] consider[s] other evidence in the record." *Arakas*, 983 F.3d at 97; *See also* SSR 16-3(p). Finally, SSR 12-2(p) cautions that fibromyalgia is a condition which can wax and wane over time. Therefore, wherever possible, adjudicators should rely on longitudinal data. SSR 12-2(p).

In this case, the ALJ found that Plaintiff suffered from cervical degenerative disc disease status post laminectomy; obesity; and chronic pain syndrome. The ALJ also held that the Plaintiff suffered from a variety of other non-severe impairments including fibromyalgia.

The ALJ began her analysis by finding that the Plaintiff's medically determinable impairments could be expected to produce the Plaintiff's alleged symptoms. (Tr. 973-74). As part of her analysis, the ALJ identified one of the Plaintiff's impairments as fibromyalgia, which the ALJ found to be non-severe as it does not result in "continuous exertional or non-exertional functional limitations." (Tr. 969).

At step two, the ALJ assessed the credibility of the Plaintiff's statements regarding pain and intensity. (Tr. 974). Throughout the ALJ's analysis, the ALJ highlights several of Plaintiff's statements related to her alleged pain and limitations. (Tr. 973-74). For example, the ALJ cites to

the Plaintiff's complaints of "stabbing pain" that prevented her from engaging in daily activities and could at times be "paralyzing." (Tr. 973). The ALJ held that these statements were incredible and held the following:

> However, her statements, which suggest that she cannot even sustain sedentary work, seem exaggerated and are inconsistent with the evidence as a whole, including her treatment history, response to treatment, physical examinations, imaging studies, and activities, particularly as reported in the documentary record.

(Tr. 974). Among the evidence that the ALJ finds to be inconsistent with the Plaintiff's subjective complaints are "physical examinations" and "imaging studies." (*Id.*). The ALJ analyzed physical examinations and imaging studies in great detail throughout her decision. In discrediting the Plaintiff's statements, the ALJ pointed to physical examinations in 2019 and 2020 and stated that they failed to show signs of synovitis or myopathy, indicated a full range of motion in the Plaintiff's neck, and did not show cognitive impairment. (Tr. 968-76). The ALJ's reliance on this evidence when assessing the credibility of the Plaintiff's subjective complaints of pain and intensity is impermissible because she suffers from fibromyalgia. *Arakas*, 983 F.3d at 96-97. Because this condition is often unsupported by objective medical evidence, Plaintiff is entitled to rely solely on subjective evidence to support her claim. By finding otherwise, the ALJ erred. *Arakas*, 983 F.3d at 96-97.

A similar issue presented itself in *Keri Diane P. v Kijakazi*, Civ. No. GLS-21-0918, 2022 WL 3139885, at *5 (D. Md. Aug. 5, 2022). In *Keri P.*, the claimant suffered from hallucinations and the ALJ rejected the plaintiff's subjective complaints, in part, due to objective medical evidence—specifically mental status examinations. This Court found that hallucinations are akin to fibromyalgia in that they may not be supported by objective medical evidence. Thereafter, this Court ruled that the ALJ erred by including the mental status examinations in the credibility assessment because doing so effectively "increase[s] the [p]laintiff's burden of proof." *Id.* In the instant case, the ALJ makes the same error.

In sum, the ALJ erred when assessing Plaintiff's statements concerning her symptoms by focusing on objective medical evidence and increasing the Plaintiff's burden of proof. I find that the ALJ's analysis is inconsistent with SSR 16-3p and *Arakas*, and remand is required.

On remand, the ALJ should provide a narrative discussion that explicitly addresses Plaintiff's subjective statements, without reliance on objective medical evidence, and explain which evidence supports the ALJ's RFC determination.

## IV.   CONCLUSION

For the reasons set forth above, both parties' summary judgment motions (ECF Nos. 13, 14) are **DENIED**. In addition, consistent with sentence four of 42 U.S.C. § 405(g), the Agency's judgment is **REVERSED IN PART** due to inadequate analysis. The case is **REMANDED** for further proceedings in accordance with this opinion. I express no opinion as to whether the ALJ's

*Katrina W. v. Kijakazi, Acting Commissioner of Social Security*
Civ. No. GLS-22-353
February 13, 2023
Page 6

ultimate finding that Plaintiff is not disabled, and therefore, not entitled to benefits, is correct. The Clerk of the Court is directed to **CLOSE** this case.

      Despite the informal nature of this letter, it should be flagged as an opinion and docketed as such. A separate Order follows.

      Sincerely,

_____/s/_____
The Honorable Gina L. Simms
United States Magistrate Judge