# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND
## (SOUTHERN DIVISION)

CHAMBERS OF
THE HONORABLE GINA L. SIMMS
UNITED STATES MAGISTRATE JUDGE



6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770

May 7, 2024

LETTER TO COUNSEL

> RE:     *Katrina W. v. O'Malley,* [1] *Commissioner of the Social Security Administration*
>          Civ. No. GLS-22-353

Dear Counsel:

Plaintiff's counsel, Arjun K. Murahari, Esq. filed a Line seeking attorney's fees pursuant to the Social Security Act, 42 U.S.C. § 406(b). (ECF No. 22, "Line"). The Commissioner of the Social Security Administration ("the Commissioner" or "the Agency") filed a response to the Line, neither supporting nor opposing the requested relief. Rather, the Commissioner defers to the judgment of the Court to determine whether the fee request is reasonable. (ECF No. 23). This matter has been fully briefed, accordingly, I find that no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2023). For the reasons set forth below, the Line will be **GRANTED**, and fees will be awarded in the amount of $9,053.72.

## I.      BACKGROUND

On February 10, 2022, Plaintiff petitioned this Court to review the Social Security Administration's final decision to deny her claim. (ECF No. 1). Plaintiff's case was fully briefed before this Court, including the filing of a motion for summary judgment, the Commissioner's opposition thereto, and a Reply from Plaintiff. (ECF Nos. 13-15). On February 13, 2023, this Court issued a Letter Opinion, remanding Plaintiff's claim to the Social Security Administration for further proceedings, consistent with Social Security Ruling ("SSR") 16-3p. (ECF No. 16). [2]

On April 3, 2023, Plaintiff's counsel petitioned this Court for attorney's fees, to which the Commissioner filed a response. (ECF Nos. 18, 20). On April 17, 2023, the Court awarded Mr. Murahari $4,329.61 for 18.25 hours worked on Plaintiff's case, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (ECF No. 21). On September 28, 2023, Plaintiff received a favorable decision from the Agency, which resulted in an award of past-due Social Security disability benefits. (*See* ECF No. 22-1, p. 1). In total, Plaintiff was awarded $36,214.86 in past-due benefits. (*See* ECF No. 22-2, p. 2). On November 22, 2023, Mr. Murahari filed the Line,

---

[1] On December 20, 2023, Martin O'Malley became the Commissioner of the Social Security Administration.

[2] In the Letter Opinion remanding the case for further proceedings, the Court provides a more complete recitation of the procedural background of this case. (ECF No. 16, p. 1).

*Katrina W. v. O'Malley, Commissioner of the Social Security Administration*
Civ. No. GLS-22-353
May 7, 2024
Page 2

seeking 9,053.72, which he claims represents 25 percent of Plaintiff's award. (ECF No. 22). On February 26, 2024, the Commissioner filed a response. (ECF No. 23).

## II.    STANDARD OF REVIEW

Under the Social Security Act, an attorney may recover a "reasonable fee" for his representation of an individual who receives a favorable decision related to an application for disability benefits. 42 U.S.C. § 406(b)(1). However, an attorney's fee may not exceed 25 percent of an individual's past-due benefits award. *Id.*

When an attorney seeks an award pursuant to a contingent fee agreement, a court has an obligation to independently review the agreement to ensure that it will "yield reasonable results," i.e., a reasonable fee, given the facts of the case. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). A court enjoys broad discretion when deciding what award, if any, is reasonable. *See Mudd v. Barnhart*, 418 F.3d 424, 427 (4th Cir. 2005).

To determine whether a request for attorney's fees pursuant to 42 U.S.C. § 406(b) is reasonable, a court may consider a variety of factors such as: (1) whether the fee is "out of line" with the character of the representation and the results achieved; (2) any delay caused by counsel that caused past-due benefits to accumulate during the pendency of the case; and (3) whether the past-due benefits award is "large in comparison" to the time counsel spent on the case, i.e., whether the requested fee would result in a "windfall." *See Mudd*, 418 F.3d at 428 (citing *Gisbrecht*, 535 U.S. at 808 ("If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order").

Following *Mudd*, in this District, courts have adopted the practice of evaluating whether a fee award will result in a "windfall" by first calculating the hourly rate that will result from the contingent fee agreement, i.e., the contingent fee award divided by the hours actually worked on the matter. *See Myisha G. v. Saul*, Civ. No. DLB-19-720, 2021 WL 2661503, at *1 (D. Md. June 29, 2021). Then, this hourly rate is compared to the presumptively reasonable hourly rates outlined in the Local Rules of the United States District Court for the District of Maryland ("Local Rules"), Appendix B.[3] If the hourly rate resulting from a contingent fee agreement in a particular case far exceeds the presumptively reasonable rate set forth in the Local Rules, it is less likely that the requested fee is reasonable. *Id*. However, in cases where an attorney's advocacy results in a favorable decision, courts in this District routinely approve hourly rates that are "much higher" than those outlined in the Local Rules. *See e.g.*, *id.* at *2; *Gregory K. v. Saul*, Civ. No. DLB-19-2235, 2021 WL 4391263, at *2 (D. Md. Sept. 24, 2021); *Craig C. v. Comm'r Soc. Sec. Admin.*, Civ. No. SAG-17-2782, 2019 WL 2076247, at *2 (D. Md. May 10, 2019); *Steven S. v. Comm'r Soc. Sec. Admin.*, Civ. No. JMC-19-1055, 2022 WL 18024793, at *2 (D. Md. Jan 24, 2022).

---

[3] Although they do not govern Social Security cases, the Local Rules prescribe guidelines for determining attorney's fees in certain cases, which are instructive in evaluating the reasonableness of the effective hourly rate in this case. *See* Local Rules, App'x B, n. 1 (D. Md. 2023) (stating that Local Rules do not govern "social security and Prisoner Litigation Reform Act cases").

*Katrina W. v. O'Malley, Commissioner of the Social Security Administration*
Civ. No. GLS-22-353
May 7, 2024
Page 3

Furthermore, although a court may only award fees under the Social Security Act for "court-related work," in performing its "reasonableness inquiry," a court may also consider the legal work performed by counsel when the matter was before the Agency. *See Myisha G.*, 2021 WL 2661503, at *1. This is because that legal work can inform a court about, e.g., the complexity of the case, the lawyering skills necessary to provide representation, and the significance of the results achieved. *Myisha G.*, 2021 WL 2661503, at *1 (citing *Mudd*, 418 F.3d at 428).

Finally, if a court finds that an attorney is entitled to a fee award under the Social Security Act, and such attorney has already received an award for attorney's fees under the EAJA, then the attorney must reimburse his client the smaller of the two fees. *Gisbrecht*, 535 U.S. at 796; *Stephens ex rel. R.E. v. Astrue*, 565 F.3d 131, 135 (4th Cir. 2009).

## III.     ANALYSIS

Mr. Murahari seeks $9,053.72 in attorney fees, which represents 25 percent of Plaintiff's past-due benefits of $36,214.86. (ECF No. 22). If awarded fees under 42 U.S.C. § 406(b), Mr. Murahari represents that reimbursement under the EAJA is not warranted because the U.S. Department of Treasury, Bureau of the Fiscal Service ("Fiscal Service") garnished the $4,329.61 payment from the Agency. (*Id.*). Mr. Murahari attached a collection notice dated May 24, 2023, which indicates that the Fiscal Service applied the $4329.61 award to delinquent debts owed by the Plaintiff. (ECF No. 22-3).

As a preliminary matter, the Court first finds that Mr. Murahari timely filed the Line requesting attorney's fees on November 22, 2023, as the "Notice of Award" is dated November 6, 2023. *See* ECF No. 22-2; Local Rule 109.2(c) (motion for attorney's fees must be filed within thirty days of the date of the Notice of Award letter sent to the claimant and the attorney at the conclusion of the Social Security Administration's past-due benefit calculation).

As it relates to the first *Mudd* factor, the Court finds that Mr. Murahari's requested fee award is supported by the character of his representation and the results achieved. Specifically, in this case, Plaintiff signed a contingent fee agreement wherein she agreed to pay Mr. Murahari 25 percent of all retroactive benefits that she may become entitled to. (ECF Nos. 18-4). Thus, the Court finds, in accordance with the terms of the contingent fee agreement, that Mr. Murahari's request of $9,053.72 in attorney's fees does not exceed the 25 percent statutory cap of Plaintiff's past-due benefits award of $36,214.86, as permitted by 42 U.S.C. § 406(b)(1). In addition, as stated above, through Mr. Murahari's advocacy, Plaintiff was awarded past-due benefits. (*See* ECF No. 22-2, p. 2). Accordingly, given that Mr. Murahari's requested fee award does not exceed the 25 percent statutory cap, and Mr. Murahari's advocacy resulted in a favorable decision for Plaintiff, the Court finds that this factor weighs in favor of granting Mr. Murahari's fee request.

Turning to the second *Mudd* factor, the Court finds that Mr. Murahari did not cause any delay that led to the accumulation of past-due benefits during the pendency of the case. Thus, the Court finds that this factor, too, weighs in favor of granting Mr. Murahari's fee request.

*Katrina W. v. O'Malley, Commissioner of the Social Security Administration*
Civ. No. GLS-22-353
May 7, 2024
Page 4

Finally, the Court finds that the past-due benefits award is not large in comparison to the 18.25 hours Mr. Murahari worked on Plaintiff's case, such that his requested fee will not result in a windfall. Courts in this District determine whether an attorney's fees award will result in a windfall by determining the hourly rate that results from the contingent fee agreement in a particular case and comparing such hourly rate to the presumptively reasonable hourly rates provided in the Local Rules. As stated above, Mr. Murahari requests 25 percent of Plaintiff's past-due benefits award of $36,214.86. Thus, if granted his requested fees, Mr. Murahari's effective hourly rate is $496.09 per hour. *See Myisha G.*, 2021 WL 2661503, at *1. Thus, Mr. Murahari must show that the effective hourly rate of $496.09 per hour is reasonable for the services he rendered. *See Gisbrecht*, 535 U.S. at 807.

If the hourly rate resulting from a contingent fee agreement in a particular case far exceeds the presumptively reasonable rate set forth in the Local Rules, it is less likely that the requested fee is reasonable. *See Myisha G.*, 2021 WL 2661503, at *1. In his earlier motion for attorney's fees under the EAJA, Mr. Murahari submitted an affidavit wherein he represented that he has been a member of the Bar since 2011. (*See* ECF No. 18-7, ¶5). In addition, Mr. Murahari represented that his hourly rate is $350.00. (*See id.*, ¶ 6) Thus, Mr. Murahari's hourly rate is at the top of the presumptively reasonable hourly rate commensurate with his experience. *See* Local Rules, App'x B. 2(c) ("Lawyers admitted to the bar for nine (9) to fourteen (14) years: $225-350"). Although $496.09 per hour is almost 1.5 times more than $350 per hour, many courts in this District have found hourly rates that are more than double the applicable rate provided in the Local Rules to be reasonable where, as is the case here, a plaintiff has received a favorable decision. *See e.g.*, *James K. v. Saul*, Civ. No. DLB-19-673, 2021 WL 1753567, at *2 (D. Md. May 4, 2021) (where the court found effective hourly rate more than three times attorney's typical hourly rate to be reasonable); *Matthew C. v. Comm'r, Soc. Sec. Admin.*, Civ. No JMC-20-3240, 2023 WL 3043906, at *2 (D. Md. Apr. 21, 2023) (where the court found effective hourly rate well over three times attorney's typical hourly rate to be reasonable); *Turner v. Kijakazi*, Civ. No. ABA-20-3371, 2023 WL 8829241, at *2 (D. Md. Dec. 21, 2023) (where the court found effective hourly rate more than four times attorney's typical hourly rate to be reasonable). As such, the Court finds that Mr. Murahari's requested hourly rate is not unreasonable. Thus, Mr. Murahari's requested fee award will not result in a windfall. Therefore, all factors weigh in favor of this Court finding that Mr. Murahari's fee request is reasonable.

As stated above, an attorney awarded fees under the EAJA and § 406(b) must reimburse the plaintiff the smaller fee. *Gisbrecht*, 535 U.S. at 796; *Stephens ex rel. R.E.*, 565 F.3d at 135. However, in this case, Mr. Murahari represents that he did not receive the Court's award pursuant to the EAJA, as the Fiscal Service applied the award to Plaintiff's outstanding debts. (ECF No. 22-3). Thus, the Court finds that Mr. Murahari need not reimburse Plaintiff any amount of the Court's award pursuant to the EAJA, as Mr. Murahari affirmed that the Fiscal Service garnished the $4329.61. *See Adrianne F. v. Saul*, Civ. No. DLB-18-3191, 2021 WL 3634177, at *2 (D. Md. Aug. 17, 2021) ("Mr. Nicoll affirmed that the amount this Court awarded him pursuant to the EAJA was garnished. Therefore, Mr. Nicoll need not reimburse plaintiff any of the amount awarded to him under the EAJA"); *Christy Y. v. Kijakazi*, Civ. No. BAH-21-2330, 2023 WL 6216685, at *2 (D. Md. Sept. 25, 2023) (same).

*Katrina W. v. O'Malley, Commissioner of the Social Security Administration*
Civ. No. GLS-22-353
May 7, 2024
Page 5

   In sum, the Court finds that Mr. Murahari's advocacy secured a favorable decision for Plaintiff, resulting in a significant disability benefits award. Also, Mr. Murahari did not cause any delay during the pendency of the litigation that led to the accumulation of the past-due benefits award. Finally, the past-due benefits award is not unduly large in comparison to the time Mr. Murahari spent on the case and will not result in a windfall. Accordingly, the Court finds that Mr. Murahari's requested attorney's fee award is reasonable and the Line is granted.

**IV.      CONCLUSION**

   For the reasons set forth above, the Line is **GRANTED**. Specifically, the Court **AWARDS** Plaintiff's counsel $9,053.72 in fees pursuant to the Social Security Act, 42 U.S.C. § 406(b).

   The Clerk of the Court is directed to **CLOSE** this case.

   Despite the informal nature of this letter, it should be flagged as an opinion and docketed as such. A separate Order follows.

                          Sincerely,

                          _____/s/_____
                          The Honorable Gina L. Simms
                          United States Magistrate Judge