UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

CHAMBERS OF
THE HONORABLE GINA L. SIMMS
UNITED STATES MAGISTRATE JUDGE



6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770

June 20, 2024

LETTER TO COUNSEL

RE: *Katrina W. v. O'Malley,* [1] *Commissioner of the Social Security Administration*
Civ. No. GLS-22-353

Dear Counsel:

Arjun K. Murahari, Esq. has filed a second "Line" seeking attorney's fees pursuant to the Social Security Act, 42 U.S.C. § 406(b), in connection with his representation of Plaintiff before this Court. (ECF No. 26, "Line"). The Commissioner of the Social Security Administration ("the Commissioner" or "the Agency") has not responded, and the time to file a response has expired. *See* Local Rule 105.2(a) (D. Md. 2023). I find that no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2023). For the reasons set forth below, the Line will be **DENIED**.

I.      BACKGROUND

On April 17, 2023, the Court awarded Mr. Murahari $4,329.61 for 18.25 hours worked on Plaintiff's case, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (ECF No. 21). Thereafter, Plaintiff received a favorable decision from the Agency and was awarded $36,214.86 in past-due Social Security disability benefits. (*See* ECF No. 22-2, p. 2). Subsequently, on November 22, 2023, Mr. Murahari filed his first Line petition seeking attorney's fees under § 406(b) in the amount of $9,053.72 for the same 18.25 hours he had worked on Plaintiff's case. (ECF No. 22). In particular, Mr. Murahari represented that the U.S. Department of Treasury, Bureau of the Fiscal Service ("Fiscal Service") garnished the Court's previous award of $4,329.61 to satisfy outstanding federal debts owed by Plaintiff. [2] (*Id.*). Thus, in the first Line, counsel was not relying on an attorney-fee reimbursement under the EAJA; instead, he sought 25% of $36,214.86 in attorney's fees. (*Id.*).

Although his requested fee translated to an effective hourly rate of $496.09 per hour, the Court found the request was reasonable, and awarded Mr. Murahari $9,053.72, pursuant to 42 U.S.C. § 406(b). (ECF No. 24).

---

[1] On December 20, 2023, Martin O'Malley became the Commissioner of the Social Security Administration.
[2] To support his argument, counsel attached a collection notice dated May 24, 2023, which reflects that the Fiscal Service applied the $4,329.61 award to delinquent debts owed by the Plaintiff. (ECF No. 22-3).

*Katrina W. v. O'Malley, Commissioner of the Social Security Administration*
Civ. No. GLS-22-353
June 20, 2024
Page 2

Plaintiff has received another Notice for cost-of-living adjustments associated with past-due benefits awarded, which amounts to $76,357.00. (ECF No. 26-3). Because of this award, Mr. Murahari filed his second Line under 42 U.S.C. § 406(b), seeking attorney's fees in the amount of $19,089.25, which he claims represents 25 percent of Plaintiff's additional award, minus the Court's previous award. (ECF No. 26). Put another way, Mr. Murahari seeks $10,035.53 in attorney's fees. ($19,089.25-$9,053.72). (*Id*.).

**II.    STANDARD OF REVIEW**

Under the Social Security Act, an attorney may recover a "reasonable fee" for his representation of an individual who receives a favorable decision related to an application for disability benefits. 42 U.S.C. § 406(b)(1). However, an attorney's fee may not exceed 25 percent of an individual's past-due benefits award. *Id.*

When an attorney seeks an award pursuant to a contingent fee agreement, a court has an obligation to independently review the agreement to ensure that it will "yield reasonable results," i.e., a reasonable fee, given the facts of the case. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). A court enjoys broad discretion when deciding what award, if any, is reasonable. *See Mudd v. Barnhart*, 418 F.3d 424, 427 (4th Cir. 2005).

To determine whether a request for attorney's fees pursuant to 42 U.S.C. § 406(b) is reasonable, a court may consider a variety of factors such as: (1) whether the fee is "out of line" with the character of the representation and the results achieved; (2) any delay caused by counsel that caused past-due benefits to accumulate during the pendency of the case; and (3) whether the past-due benefits award is "large in comparison" to the time counsel spent on the case, i.e., whether the requested fee would result in a "windfall." *See Mudd*, 418 F.3d at 428 (citing *Gisbrecht*, 535 U.S. at 808 ("If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order").

Following *Mudd*, courts in this District have adopted the practice of evaluating whether a fee award will result in a "windfall" by first calculating the hourly rate that will result from the contingent fee agreement, i.e., the contingent fee award divided by the hours actually worked on the matter. *See Myisha G. v. Saul*, Civ. No. DLB-19-720, 2021 WL 2661503, at *1 (D. Md. June 29, 2021). Then, this hourly rate is compared to the presumptively reasonable hourly rates outlined in the Local Rules of the United States District Court for the District of Maryland ("Guidelines"), Appendix B.[3] If the hourly rate resulting from a contingent fee agreement in a particular case far exceeds the presumptively reasonable rate set forth in the Guidelines, it is less likely that the requested fee is reasonable. *Id*. However, depending upon the facts at issue, in cases where an attorney's advocacy results in a favorable decision from the Agency, courts in this District routinely approve of hourly rates that are "much higher" than those outlined in the Guidelines. *See*

---

[3] Although they do not govern Social Security cases, the Local Rules prescribe guidelines for determining attorney's fees in certain cases, which are instructive in evaluating the reasonableness of the effective hourly rate in this case. *See* Guidelines, App'x B, n. 1 (D. Md. 2023) (stating that Local Rules do not govern "social security and Prisoner Litigation Reform Act cases").

*e.g.*, *id.* at *2; *Gregory K. v. Saul*, Civ. No. DLB-19-2235, 2021 WL 4391263, at *2 (D. Md. Sept. 24, 2021); *Craig C. v. Comm'r Soc. Sec. Admin.*, Civ. No. SAG-17-2782, 2019 WL 2076247, at *2 (D. Md. May 10, 2019); *Steven S. v. Comm'r Soc. Sec. Admin.*, Civ. No. JMC-19-1055, 2022 WL 18024793, at *2 (D. Md. Jan 24, 2022).

### III.   ANALYSIS

As a preliminary matter, the Court first finds that on May 10, 2024, Mr. Murahari timely filed his second Line, as the "Notice of Award" is dated May 6, 2024. *See* ECF No. 26-3; Local Rule 109.2(c) (motion for attorney's fees must be filed within thirty days of the date of the Notice of Award letter sent to the claimant and the attorney at the conclusion of the Social Security Administration's past-due benefit calculation). Next, it is undisputed that Mr. Murahari and Plaintiff entered into a contingent fee agreement, and that Plaintiff agreed to pay him 25 percent of any disability benefits awarded. (ECF No. 18-4). The Court will now analyze the *Mudd* factors.

As it relates to the first *Mudd* factor, the Court finds that Mr. Murahari's requested fee award is supported by the character of his representation and the results achieved. Specifically, the Court finds, in accordance with the terms of the signed contingent fee agreement, (ECF Nos. 18-4), Mr. Murahari's request of $19,089.25 in attorney's fees does not exceed the 25 percent statutory cap of Plaintiff's $76,357.00 past-due benefits award, as permitted by 42 U.S.C. § 406(b)(1). Accordingly, given that Mr. Murahari's requested fee award does not exceed the 25 percent statutory cap, and Mr. Murahari's advocacy resulted in a favorable decision for Plaintiff, the Court finds that this factor could weigh in favor of granting Mr. Murahari's fee request.

Turning to the second *Mudd* factor, there is no evidence before the Court that Mr. Murahari caused any delay that led to the accumulation of past-due benefits during the pendency of the case. Thus, the Court finds that this factor, too, could weigh in favor of granting Mr. Murahari's fee request.

Finally, turning to the third *Mudd* factor, the key question before the Court is whether Mr. Murahari's requested fee will result in a windfall. Here, in connection with his original fee petition, Mr. Murahari represented that he has been a member of the Bar since 2011 and that his typical hourly billing rate is $350.00, *see* ECF No. 18-7, ¶¶5, 6, which is the top hourly rate that is presumptively-reasonable given his experience.[4] As found previously, Mr. Murahari seeks 25 percent of $76,357.00. Mr. Murahari has only submitted one timesheet reflecting that his law firm expended 18.25 hours working on Plaintiff's case. (*See* ECF No. 18-8). Thus, based on the limited evidence before me, Mr. Murahari's effective hourly rate is $1,045.99 per hour. ($19,089.25/18.25 hours). This is almost triple the presumptively-reasonable rate set forth in the Guidelines. While courts in this District have found effective hourly rates significantly higher than an attorney's typical hourly rate to be reasonable, "[h]ourly rates exceeding $1,000.00 are the exception, not the rule." *Clinton B. v. Comm'r, Soc. Sec. Admin.*, Civ. No. DLB-18-1529, 2020 WL 2797279, at *2

---

[4] *See* Guidelines, App'x B., Section 3(c) ("Lawyers admitted to the bar for nine (9) to fourteen (14) years: $225-350").

*Katrina W. v. O'Malley, Commissioner of the Social Security Administration*
Civ. No. GLS-22-353
June 20, 2024
Page 4

(D. Md. May 29, 2020). Accordingly, Mr. Murahari must show that his effective hourly rate is reasonable for the services rendered. *See Gisbrecht*, 535 U.S. at 807.

It is true that courts in this District have, under certain circumstances, approved of a higher hourly rate for Mr. Murahari (more than triple the applicable Guidelines top rate), for successful Social Security Appeals. *See Trenton A. v. Comm'r, Soc. Sec. Admin.*, Civ. No. JMC-19-1568, 2022 WL 7099730, at *2 (D. Md. Jan. 27, 2022) (citing *Arvie W. v. Comm'r, Soc. Sec. Admin.,* Civ. No. SAG-17-1148, 2019 WL 3975187 (D. Md. Aug. 22, 2019); *Barbara F. v. Comm'r, Soc. Sec. Admin.*, Civ. No. SAG-17-2090, 2019 WL 3340738 (D. Md. July 25, 2019); *Kimberly B. v. Comm'r, Soc. Sec. Admin.,* Civ. No. SAG-16-2519, 2019 WL 1559426 (D. Md. Apr. 10, 2019)). However, the Court previously awarded Mr. Murahari $9,053.72 for the same 18.25 hours of work, at an effective rate of $496.09 per hour, for the favorable decision received by Plaintiff. That award was higher than outlined in the Guidelines, i.e., almost 1.5 times more than the top hourly rate for an attorney with his experience. The May 2024 Award Notice contains a cost-of-living adjustments associated with past-due benefits awarded. (ECF No. 26-3). Thus, the revised award to Plaintiff does not appear to be due to any further advocacy skills of counsel. Accordingly, this Court does not find that an award of an additional $10,035.53 is reasonable because it would result in a windfall. *See also Trenton A.*, 2022 WL 7099730, at *2 (denying additional fees where attorney had already received a fee in excess of the presumptively reasonable rate).

## IV.     CONCLUSION

In sum, the Court **DENIES** the second Line seeking additional $10,035.53 in attorney's fees.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as such. A separate Order follows.

Sincerely,

/s/
The Honorable Gina L. Simms
United States Magistrate Judge